IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE ARIAS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HIGH TECH LANDSCAPES, INC., and PAUL CERNUTO, individually,<br><br>    Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>Civil Case No.:<br><br>**Jury Trial Demanded** |

Named Plaintiff JOSE ARIAS ("Arias" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective and Class Action Complaint against Defendants HI TECH LANDSCAPES, INC. ("Defendant" or "High Tech") and PAUL CERNUTO, individually ("Cernuto") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Named Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –laborers who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29

1

U.S.C. § 216(b), and as a class action pursuant to Rule 23.

3. Beginning in approximately 2018, and continuing through Plaintiff's termination in or about May, 2020, Defendants engaged in a policy and practice of requiring Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Named Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, plus damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Named Plaintiff performed non-exempt landscaping and construction duties for the Defendants in New Jersey and based from Defendants' Middlesex County, New Jersey location. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendant High Tech, is an enterprise engaged in interstate commerce or in the production of goods for interstate commerce as

defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a landscape and construction business, which services the tri state area (see Defendants' website at http://www.hightechlandscapes.com/construction/). Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., servicing products for customers throughout the tri state area. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Named Plaintiff Arias is an adult individual who is a resident of Plainfield, Middlesex County, New Jersey.

11. Named Plaintiff Arias was employed by Defendants full time as a landscaper and construction worker, performing duties in furtherance of Defendants' business for over two (2) years, from in or about March, 2018, through in or about May 11, 2020.

**Corporate Defendant**

12. High Tech is a New Jersey corporation, with its principal office located in Branchburg, Somerset County, NJ.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendant**

14. Upon information and belief, Individual Defendant Cernuto is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Cernuto has been an owner, partner, officer and/or manager of the Defendant High Tech.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Cernuto has had power over personnel decisions at the Defendant High Tech's business.

17. Defendant Cernuto was regularly present at High Tech, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

19. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## CLASS AND COLLECTIVE ALLEGATIONS

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

21. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

22. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

24. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

25. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work for Defendants.

26. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

28. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

29. Plaintiffs' claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

30. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

31. Based upon the information preliminarily available, and subject to discovery, beginning

in approximately March or April, 2018, and continuing through mid-May, 2020, Defendants employed the Named Plaintiff and members of the putative class to perform tasks in furtherance of their landscape and construction business.

32. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Named Plaintiff and similarly situated employees, for overtime hours worked in a work week.

33. Named Plaintiff Arias was paid Twenty Dollars ($20.00) for all hours worked each workweek.

34. Plaintiff was not paid at an overtime rate of one-and-one half times his regular rate for the hours that he worked in excess of forty (40) in a workweek.

35. Named Plaintiff Arias routinely worked six (6) days per week.

36. Named Plaintiff routinely worked between fifty (50) and sixty-six (66) hours per week.

37. Named Plaintiff rarely, if ever, worked less than forty (40) hours in a workweek.

38. Plaintiff's manager allegedly signed employees in and out when they arrived and left work respectively.

39. Upon information and belief, employees similarly situated to Plaintiff were also not compensated at an overtime rate for hours that they worked over forty (40) in a workweek, regardless of the number of hours that they worked each and every workweek.

40. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

41. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

42. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty(40) within a work week.

43. On or about April 10, 2020, named Plaintiff became ill with covid-19, also known as the coronavirus.

44. Plaintiff was unable to work from April 10, 2020, through May 11, 2020 and, upon his return to work on that date, Defendants terminated him.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

45. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

46. Named Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

47. All similarly situated employees of the Defendants are also owed their overtime rate for each and every overtime hour they worked and were not properly paid.

48. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

49. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiff

and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

50. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51. As a result of Defendants' willful violations of the Act, Named Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

52. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

53. Defendants' aforementioned conduct is in violation of the NJWHL.

54. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendants willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

55. As a direct and proximate cause of Defendants' actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

56. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(3) Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: June 10, 2020                     Respectfully submitted,

 /s/ Andrew I. Glenn
Andrew I. Glenn
Email: Aglenn@JaffeGlenn.com
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
33 State Road, A-1
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Named Plaintiff and the Putative Class*